UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAHI HASANATI,

    Plaintiff,

v.                                                              CASE NO. 8:11-CV-61-T-30TGW

ATTORNEY GENERAL,
State of Florida,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The affiant has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint against the Attorney General of Florida (Doc. 2). The plaintiff, proceeding *pro se*, has filed a complaint devoid of any factual allegations (Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil complaint without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be

dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the affiant's affidavit is incomplete in that it does not list the date of start and termination of his last employment and it omits a signature (Doc. 2). Moreover, the plaintiff appears to be a prisoner (see Doc. 2, p. 3) and he has not complied with the requirement that he "submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." §1915(a)(2). Thus, the financial showing is deficient.

Moreover, the affiant's complaint does not state a claim over which this court has jurisdiction (Doc. 1). It appears that the claim is for a declaratory judgment that seven Florida statutes are invalid based on the Supremacy Clause and under Florida's Constitution. However, the plaintiff has proffered no facts whatsoever to support the challenges. Consequently, he has failed to allege how he has suffered any legally cognizable injury from the actions of Florida's Attorney General, the purported defendant. Under Article III of the Constitution, federal courts are limited in their jurisdiction

to actual cases and controversies. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342 (11th Cir. 1999). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Id. at 1346. The plaintiff seemingly requests an advisory opinion on the issue of the statutes' constitutionality. Under the circumstances, the case should be dismissed because there is not an actual justiciable controversy within the meaning of Article III.

Additionally, the plaintiff's complaint is procedurally inadequate because it is a factless document that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Thus, there is no statement of the grounds upon which the court's jurisdiction depends, and there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8(a)(1), (2), F.R.Civ.P.

In sum, the plaintiff's complaint fails in various ways and should, therefore, be dismissed. See 28 U.S.C. 1915(e)(2)(B). It is not appropriate in this case to afford the plaintiff an opportunity to file an

amended complaint for several reasons. In the first place, this is not a situation where the plaintiff has attempted to allege facts showing a claim for relief, but simply fell short of stating a viable claim. Here, there is not even a hint of a potential claim. In addition, the plaintiff is apparently incarcerated in Miami, Florida, and his claim has no apparent nexus to the Middle District of Florida. Further, if what the plaintiff had in mind was a challenge to his conviction through a judicial determination that the criminal statutes under which he was convicted are unconstitutional, that claim would seemingly be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

For the foregoing reasons, I recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

THOMAS G. WILSON
DATED: FEBRUARY 4, 2011    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

4

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).